UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


GENE T. FAVORS #159735,

    Plaintiff,

v.                                            Case No.  2:16-cv-33
                                               HON.  ROBERT HOLMES BELL

DAVID M. LEACH, et al.,

    Defendants.
_____/


## REPORT AND RECOMMENDATION

        Plaintiff Gene T. Favors, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The court initially granted Plaintiff leave to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a).  (ECF No. 6.)  Defendants have now moved to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g).  (ECF No. 21.)  Defendants have also moved to stay the case management order and pending discovery until their motion to revoke has been decided.  (ECF No. 25.)  Plaintiff has responded. (ECF No. 40.) This matter is now ready for decision.

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put

into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.* at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

First, the undersigned must determine whether Plaintiff has three strikes. There is no question that Plaintiff has been an active litigant in the federal courts in Michigan. To support the fact that Plaintiff has three strikes, Defendants cite four cases: *Favors v. Bos*, 871 F.2d 1087 (6th Cir. Mar. 28, 1989) (unpublished) (affirming dismissal as frivolous); *Favors v. Toombs*, No. 2:91-cv-74647 (E.D. Mich. Aug. 13, 1992)(dismissing as frivolous); *Favors v. Bell*, No. 1:92-cv-

446 (W.D. Mich. Oct. 17, 1994)(dismissing for failure to state a claim); *Favors v. Palmer*, No. 2:95-cv-73874 (E.D. Mich. Nov. 27, 1995)(dismissing as frivolous). Defendants attached a lexis printout of the unpublished Sixth Circuit opinion and docket report printouts of the district court cases. Plaintiff argues that the ECF docket sheets were not properly authenticated because they did not include the actual opinions that dismissed the cases. This may be true. However, Plaintiff has also had three cases dismissed in the Eastern District of Michigan due to already having three strikes. *See Favors v. Thompson*, No. 99-cv-10015 (E.D. Mich. Sept. 27, 1999); *Favors v. Garrett*, No. 06-cv-13487 (E.D. Mich. Aug. 31, 2006); *Favors v. Curling*, No. 10-cv-14966 (E.D. Mich. Dec. 27, 2010). Therefore, in the opinion of the undersigned, Plaintiff has three strikes.

Because Plaintiff has three strikes, the undersigned must determine whether Plaintiff meets the imminent danger exception to proceed *in forma pauperis*. In his complaint, Plaintiff alleges that he is in imminent danger of serious physical injury because he is receiving an "inadequate diet." Plaintiff alleges that Defendants denied him vegan meals that are required by his religion. In addition, Plaintiff alleges that some of his meals were contaminated with pork because Defendants did not properly separate pork from other food. Plaintiff alleges that his inadequate diet is causing fatigue, depression, a sleeping disorder, dizziness, weight loss, anxiety, severe hunger pain, and stomach pain.[1] In his response brief, Plaintiff further alleges that he is allergic to soy and that he is being forced to eat undercooked beans and undercooked bean burgers.[2]

---

[1] It should also be noted that Plaintiff makes several additional allegations in his complaint—Defendants denied him religious service snacks and adequate religious services; Defendants retaliated against him for filing grievances; Defendants interfered with his incoming and outgoing legal mail; and Defendants opened mail from his attorney outside his presence. However, these allegations do not suggest that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed.

[2] Plaintiff does not mention these allegations in his complaint. Moreover, it is unclear when and why Plaintiff is being forced to eat soy and the undercooked foods.

In the opinion of the undersigned, Plaintiff's allegations do not fall within the imminent danger exception to the three-strikes rule. Plaintiff's allegations that he was receiving an inadequate diet are conclusory. Plaintiff does not allege any facts showing what his actual diet entailed at the time he filed his complaint. Plaintiff simply states that he was denied vegan meals and that sometimes his meals were contaminated with pork. These facts do not establish that Plaintiff was provided with an inadequate diet. In addition, assuming Plaintiff does not eat his meals that are "contaminated" with pork, Plaintiff has acknowledged that pork is only served one day a week. Based on the allegations in the complaint, Plaintiff has failed to allege that he was in imminent danger of serious physical injury.

Accordingly, it is recommended that Defendants' Motion to Revoke *In Forma Pauperis Status* (ECF No. 21) should be granted. Because Plaintiff has filed more than three lawsuits that are considered "strikes" within the meaning of 28 U.S.C. § 1915(g), and the allegations in Plaintiff's complaint do not meet imminent danger exception, the PLRA prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff should be given twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00. If Plaintiff fails to pay the filing fee within the twenty-eight day period, his case should be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee. *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). It is further recommended that Defendants motion to stay the case management order and pending discovery until their motion to revoke is resolved (ECF No. 25.) should be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b);

-6-

W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:      December 6, 2016                  /s/ Timothy P. Greeley
                                                  TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE