UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GENE T. FAVORS #159735,

    Plaintiff,

v.                                Case No.  2:16-cv-33
                                    HON.  GORDON J. QUIST

DAVID M. LEACH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Gene T. Favors is an inmate in the custody of the Michigan Department of Corrections. Defendants David M. Leach, R. Masher, Unknown Rink, Unknown Switzer, Unknown Valle filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(d). (ECF No. 99)  Defendant G. Gugin later filed a motion to join Defendant's motion to dismiss.  (ECF No. 106.)  Plaintiff has responded. (ECF Nos. 103, 105, & 109.)  This matter is now ready for decision.

        On September 6, 2017, Defendants sent Plaintiff a notice that Plaintiff's deposition would occur at 1:00 pm on September 12, 2017, at the Lakeland Correctional Facility.  A Certification of Service was filed with this Court.  (ECF No. 93.)  Plaintiff did not receive this notice until September 11, 2017.[1]  On the day of the deposition, Plaintiff refused to leave his cell

---

[1] Plaintiff attached a copy of the letter to his response.  The letter is postmarked September 6, 2017, but the Lakeland Correctional Facility Mailroom stamped the letter received on September 11, 2017.  (ECF No. 105-1.)

to participate in the deposition. Thus, Plaintiff's deposition never occurred. Defendants were still charged a $60 appearance fee from the court reporter.

Defendants now move to dismiss this cases pursuant to Fed. R. Civ. P. 37(d) because Plaintiff failed to attend his deposition. Federal Rule of Civil Procedure 37 authorizes the court to impose sanctions on a party for failing to comply with a court order regarding discovery, or failing to comply with discovery obligations even in the absence of a court order. Relevant to this case, Rule 37 provides that the Court may order sanctions, including an order dismissing the case, if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i).

Here, Plaintiff makes two arguments for why the case should not be dismissed as a sanction for his failure to attend his deposition. First, Plaintiff argues that Defendants were not permitted to take his deposition because they did not have leave of court. Plaintiff is correct to state that Defendants were required to obtain leave of court. Federal Rule of Civil Procedure 30(a)(2) provides that a party must obtain leave of court when "the deponent is confined in Prison." However, the Case Management Order states: "Defendants are hereby authorized to take Plaintiff's deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure." (ECF No. 69.) Thus, Defendant clearly had leave of court to take Plaintiff's deposition.

Second, Plaintiff argues that he did not have adequate advance notice of his deposition. Federal Rule Civil Procedure 30(b)(1) requires that a party be provided with "reasonable written notice" of a deposition. The rule does not define reasonable written notice. *See Gabriel v. Albany Coll. of Pharmacy & Health Scis.*, 2014 WL 3378629, at *4 (D. Vt. July 10, 2014) ("The Rules do not further define 'reasonable,' however, 'many courts have found fourteen days from the date of service as presumptively reasonable.'" (citing *Brown v. Hendler*, 2011 WL

321139, at *2 (S.D.N.Y. Jan. 30, 2011)). In *Smith v. Stephens*, No. 2:10-CV-13763, 2012 WL 899347, at *4 (E.D. Mich. Mar. 16, 2012), the district court determined that four days' notice of a deposition was reasonable for an inmate housed in the Michigan Department of Corrections.  Here, although Defendants sent the notice on September 6, 2017, Plaintiff did not receive it until September 11, 2017—one day before the deposition.  Defendants did not file a reply brief addressing whether one day notice was reasonable.  In the opinion of the undersigned, one day notice is not reasonable in this case.[2]

Accordingly, the undersigned recommends that Defendants' motion to dismiss be denied because Plaintiff did not receive reasonable written notice of his deposition.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  December 28, 2017

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned also notes that the one day notice made it unreasonable to expect a *pro se* litigant to move for a protective order requesting that his deposition not be taken prior to the deposition actually occurring, see Fed. R. Civ. P. 32(a)(5) or serve the opposing party, in writing, to identify the error in the deposition notice, see Fed. R. Civ. P. 32(d)(1).