UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GENE T. FAVORS,

    Plaintiff,

v.                                            Case No. 2:16-CV-33

DAVID M. LEACH, et al.,                  HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Gene T. Favors, a state prisoner at a Michigan Department of Corrections (MDOC) facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging First and Fourteenth Amendment claims against Defendants David M. Leach, David Rink, Gail Gugin, Randall Masker, Rachelle Valle, and Bruce Switzer. Defendant Gugin, an employee of Trinity Services Group, Inc., filed a motion for summary judgment. (ECF No. 133.) Plaintiff filed a motion for partial summary judgment against Defendant Gugin. (ECF No. 140.) Defendants Leach, Rink, Masker, Valle, and Switzer (MDOC Defendants) filed a motion for summary judgment, which is better characterized as a motion for partial summary judgment because the relief requested leaves two claims remaining. (ECF No. 155.) On January 17, 2019, Magistrate Judge Timothy P. Greeley[1] submitted a Report and Recommendation (R & R) recommending that the Court grant Defendant Gugin's motion for summary judgment, deny Plaintiff's motion for partial summary judgment, and grant MDOC Defendants' motion for partial summary judgment, leaving only a First Amendment claim against Defendant Switzer for prohibiting Plaintiff from

---
[1] Judge Greeley recently retired on March 14, 2019.

performing Wudu in the gym and a First Amendment claim against Defendant Rink for prohibiting Plaintiff from bringing a snack to Eid service. (ECF No. 163.)

Plaintiff has filed objections to the R & R. (ECF No. 156.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, the R & R recommends that the Court dismiss Defendant Valle from the case because Plaintiff failed to allege that Defendant Valle had the requisite personal involvement in the case. In fact, other than naming Defendant Valle as a defendant and stating that Defendant Valle works in the Business Office at Chippewa Correctional Facility (URF) where Plaintiff is incarcerated, Plaintiff failed to make any specific allegations against Defendant Valle. In his objections, Plaintiff states that he simply forgot to show Defendant Valle's personal involvement in his complaint. (ECF No. 169 at PageID.1536.) However, even under the less stringent standard afforded to pro se litigants, forgetfulness is not a reason to forgive the requirement to plead personal involvement. Thus, the Court agrees with the magistrate judge that Defendant Valle should be dismissed from the case.

Second, the R & R recommends that the Court dismiss Plaintiff's claims against Defendant Gugin for failure to exhaust his administrative remedies. Although alleged in the complaint, prior to filing this action, Plaintiff did not file any grievance about finding hair in his meals, finding debris in his meals, or Trinity employees not wearing hairnets. As the R & R correctly notes,

Plaintiff filed a grievance alleging that his meals were cross-contaminated with meat grease but filed his complaint in this case prior to receiving a Step III decision, so Plaintiff did not properly exhaust the cross-contamination claim. The R & R also correctly points out that Plaintiff filed two other grievances that have similar allegations to those made against Defendant Gugin—one involving finding a bug in his food and one involving cross-contamination—but those incidents occurred before Trinity had a contract with MDOC, so Defendant Gugin, a Trinity employee, lacked the requisite personal involvement in the earlier incidents. In his objections, Plaintiff claims for the first time that Defendant Gugin was an Aramark employee before she was a Trinity employee, working in food services at the time of the earlier cross-contamination incident. However, in reviewing the earlier grievance relating to cross-contamination (ECF No. 135-6 at PageID.947-951), there is no indication that Defendant Gugin was involved in the incident. Thus, the Court agrees with the magistrate judge that Defendant Gugin's motion for summary judgment should be granted and that Defendant Gugin should be dismissed from the case.

Third, the R & R recommends that the Court find that Plaintiff has properly exhausted his administrative remedies for only four claims with respect to the MDOC Defendants: (1) Defendant Switzer prohibited Plaintiff from performing Wudu in the gym; (2) Defendant Rink prohibited Plaintiff from bringing a snack to Eid service; (3) Defendant Masker refused to send Plaintiff's mail to Daphne Johnson; and (4) Defendant Masker rejected mail from Bound Together Books. Plaintiff failed to address exhaustion in any of his responses or in his objections. Given that the Court has reviewed the grievances that Plaintiff pursued through Step III appeal and that Plaintiff has offered no alternative explanation as to how any of his claims were otherwise exhausted, the Court agrees with the magistrate judge that these are the only four claims against the MDOC

Defendants that were properly exhausted. Accordingly, Defendant Leach should be dismissed from the case.

Fourth, the R & R recommends that Plaintiff's First Amendment claim against Defendant Masker for rejection of mail from Bound Together Books be dismissed. Bound Together Books is not an authorized vendor in the prison system. As noted in the R & R, cases in this Court and the Sixth Circuit make clear that prison officials may limit a prisoner's receipt of published materials to authorized vendors. The Court agrees with the magistrate judge that this First Amendment claim should be dismissed. To the extent that Plaintiff argues that Defendant Masker's rejection of the mail from Bound Together Books presents a due-process violation based on Plaintiff's allegation that Defendant Masker removed the box to check for a hearing on the notice form, Plaintiff would have to carry his burden to show that the post-deprivation remedy was not adequate. Plaintiff failed to do so. Thus, the Court agrees with the magistrate judge that the claim should be dismissed under either standard.

Fifth, the R & R recommends that the Court dismiss Plaintiff's claim relating to Defendant Masker's refusal to send mail to Daphne Johnson. Defendant Masker returned a letter to Plaintiff that was addressed to Daphne Johnson because Plaintiff did not have sufficient funds in his account to mail the letter. Plaintiff states that the letter should have been treated as legal mail. Pursuant to MDOC Policy, funds will be loaned to a prisoner who lacks sufficient funds to send legal mail. However, Plaintiff has not offered any evidence that the mail to Daphne Johnson should have been considered legal mail. Therefore, the Court agrees with the magistrate judge that this claim should be dismissed.

Finally, the R & R recommends that to the extent Plaintiff is asserting retaliation claims in this case, those claims should be dismissed. Plaintiff alleges that some Defendants acted in

4

retaliation for Plaintiff filing grievances, but Plaintiff has failed to show (or even allege) a causal connection between filing grievances and any of the alleged adverse actions. Thus, the Court agrees with the magistrate judge that any retaliation claims should be dismissed.

Plaintiff filed several pages of objections. However, Plaintiff's objections that were not noted in the analysis above either reiterated the merits of his claims that were subject to dismissal for failure to exhaust or brought forth new claims. Because the Court has found that Plaintiff failed to exhaust his administrative remedies for several claims, the Court need not reach the merits of those claims. With respect to the new claims, objections are not the proper vehicle for asserting new claims.

THEREFORE,

The January 17, 2019, Report and Recommendation (ECF No. 163) is **adopted** as the Opinion of the Court. Plaintiff's objections to the R & R (ECF No. 169) are **overruled.** Defendant Gugin's motion for summary judgment (ECF No. 133) is **granted**. Plaintiff's motion for partial summary judgment (ECF No. 140) is **denied.** MDOC Defendants' motion for partial summary judgment (ECF No. 143) is **granted**. Plaintiff's claims against Defendants Leach and Gugin are **dismissed without prejudice.** Plaintiff's claims against Defendants Valle and Masker are **dismissed with prejudice.** Plaintiff's retaliation claims are **dismissed with prejudice.** The remaining claims in the case are Plaintiff's First Amendment claim against Defendant Switzer for prohibiting Plaintiff from performing Wudu in the gym and Plaintiff's First Amendment claim against Defendant Rink for prohibiting Plaintiff from bringing a snack to the Eid service.

**IT IS SO ORDERED.**

Dated: March 28, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE